UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---------------------------------------- X
THE MUSLIMS OF AMERICA, INC.,            :
                                         :
Plaintiff,                               :
                                         :
                                         :  Case No. 3:16-cv-00326-GTS-DEP
v.                                       :
                                         :
ROBERT R. DOGGART, WILLIAM TINT,         :  **Demand for Jury Trial**
BARBARA ROGERS, SHANE SCHIELEIN, AND     :
JOHN DOES AND JANE DOES 1-7              :
                                         :
Defendants.                              :
---------------------------------------- X

## FIRST AMENDED[1] COMPLAINT

1. The Plaintiff brings this AMENDED Complaint pursuant to the Freedom of Access to Clinic Entrances Act of 1994 ("FACE Act"), 18 U.S.C. 248, and pursuant to text order, of Peebles, J., November 4, 2016.

2. The Plaintiff brings this Complaint because the Defendants by threat of force and intimidation, intentionally intimidated or interfered with, or attempted to injure persons seeking to exercise their First Amendment right of religious freedom to worship at the mosque in Hancock, New York, at a village commonly known as "Islamberg."

3. In bringing this Complaint the Plaintiff has reason to believe that the Defendants by their past, present and future conduct has violated or will violate the FACE Act and has caused or will cause injury to persons who worship at the mosque in Islamberg.

### JURISDICTION, STANDING AND VENUE

4. This Court has jurisdiction over this action pursuant to FACE 18 U.S.C. § 248 [c] (20) and 28 USC §134.

---
[1] AMENDED PROVISIONS ARE INDICATED BY REDLINE

1

5. The Plaintiff has standing to initiate this action pursuant to FACE, 18 U.S.C. § 248 [c] (2) (A).

6. Venue is proper in the Northern District of New York pursuant to 28 U.S.C. §1391 (b)(2) because all of the events giving rise to this action were directed toward a place of worship in this District.

PARTIES

7. The Plaintiff The Muslims of America, Inc. ("TMOA") is a Sunni Muslim Religious Corporation headquartered in Hancock, New York at 2732 Roods Creek Road, B31, in the village known as "Islamberg."

8. The Plaintiff's congregation consists of four generations of predominately African American Muslims who trace their ancestry to the African slave trade. They reside in private rural communities located throughout the United States including Islamberg.

9. The Defendant Robert R. Doggart, upon information and belief, is a former Congressional candidate, ordained Christian minister and resident of Signal Mountain, TN.

10. The Defendant Barbara Rogers, upon information and belief, is a member of or sympathetic with a militia and is a resident of Jonesboro, Ark.

11. The Defendant Shane Schielein, upon information and belief, is a member of or sympathetic with a militia, and is a resident of Bellevue, Ill.

12. The Defendant William Tint, upon information and belief, is a former marine, reconnaissance specialist, veteran of the South Carolina National Guard, founder of Operation American Freedom and a resident of Greenville, SC.

13. John Does and Jane Does 1-7 are those individuals, yet to be identified to the Plaintiff, with whom Defendant Doggart and/or Defendants Rogers, Schielein and Tint plotted

and conspired to torch the mosque and other buildings sited in the village of Islamberg and kill Islamberg residents.

## STATEMENT OF FACTS

14. As Muslims, the congregants practice the religion of Islam. The core practices of Islam are known as the five pillars of Islam – faith, prayer, charity, fasting during the month of Ramadan and the pilgrimage to Mecca.

15. Muslims perform five obligatory prayer (Salaah) daily. Prayer performed in congregation at a mosque or masjid receives a higher spiritual reward. Praying at the mosque is one of the most important acts of the day.

16. A mosque or masjid is the house of worship for Muslims.

17. Islamberg is the site of a mosque known as Baitullah Tajjalli Azam Jamiatu al Masjid Gillani Qadria (hereafter "Baitullah").

18. The Almighty Creator's personal Name, Allah, has been shining with radiant noor (light) in Baitullah since 2010. People from all faiths have come to witness this miracle.

19. The land, known as Islamberg and Baitullah are owned by the Plaintiff.

20. On or about April 10, 2015, Defendant Doggart was arrested by federal law enforcement agents for planning to "burn down the mosque (and other buildings) at Islamberg."[2]

21. The complaint and affidavit of Agent Smith of the Federal Bureau of Investigations, who lead the criminal investigation against the Defendants, is annexed hereto as Exhibit A and is incorporated herein.

22. Prior to plotting to attack Islamberg, Defendant Doggart by his own admission went to a TMOA village located in Dover, Tennessee to "conduct reconnaissance". He lost interest in that community once he observed the families there to be peaceful and quiet.

---

[2] *See* Smith Aff. ¶ 2

23. On or about early 2015 Defendant Doggart convened a nine-person militia and devised a plan to torch Islamberg, specifically aiming to burn Baitullah and other buildings.

24. In furtherance of their plot, the Defendants compiled literature regarding Islamberg, the gun laws of New York, maps of rural upstate New York, and gathered information about law enforcement resources in the Catskills.[3]

25. Federal law enforcement officials were monitoring defendants Doggart, Rogers, Schielein, Tint and others. The FBI wiretapped telephone calls and captured conversations devising the plot.

26. Defendant Doggart was aware at all times, of the religious nature of the mosque when he identified it as a building he wished to torch.

27. The FBI employed various investigative techniques including a confidential source, review of social media and monitoring cell-phone communications to thwart the Defendants' plot.[4]

28. Defendant Doggart has been indicted on a single count of Solicitation to Commit a Civil Rights Violation in violation of 18 U.S.C. § 247 in violation of 18, U.S.C. § 373. His case in pending in the United States District Court for the Eastern District of Tennessee. The docket is styled: <u>United State of America vs. Robert R. Doggart</u> Case No. 1:15-cr-39 Judge Collier/ Magistrate Judge Lee.   See affixed Exhibit B (Doggart Indictment).

29. Plaintiff is unaware of whether Defendant Rogers was criminally charged in connection to the plot to attack Islamberg.

30. Plaintiff is unaware of whether Defendant Schielein was criminally charged in connection to the plot to attack Islamberg.

31. Defendant Tint plead guilty on September 14, 2015, to "making a false statement to the

---

[3] id. At ¶ 5
[4] *See* Smith Aff. ¶ 2.

FBI regarding a plan to commit a violent act against a person or property involving him and/or RD when in fact he there and then knew he was aware of such a plan involving a location in New York State", in violation of 18 U.S.C. § 1001 (a) (2). The matter is in the United States District Court for the District of South Carolina Greenville Division. It is styled: <u>United States of America v. William Tint</u> Case No. 6:15 – 368.  See affixed Exhibit C (Tint Indictment).

<u>First Claim of Relief for Violation of 18 U.S.C. § 248 against Robert R. Doggart</u>

32. The Plaintiff repeats and re-alleges the allegations set forth in paragraphs 1-31 as fully set forth herein.

33. Defendant Doggart devised an elaborate plan to burn the mosque and other buildings in the village Islamberg. His wire tapped telephone conversations capture him saying he was specifically targeting the mosque[5].

34. The actions of Defendant Doggart on or about April 2015 as set forth above, constitute threats of physical obstruction as defined by 18 U.S.C. § 248, which prohibits individuals from threatening to use physical force to intentionally injure, intimidate or interfere with or attempt to do the same, any person who is exercising their First Amendment right to worship at their house of worship.

35. Defendant Doggart's conduct as described herein violate FACE, 18 U.S.C. § 248 which prohibits individuals from using physical obstruction to intentionally [attempt] to injure, intimidate or interfere with, or attempt to do the same, any person because that person is or has been, or in order to intimidate persons from their right to access their house of worship.

36. Defendants undertook these actions in order to intimidate, or interfere with, or in an

---

[5] See Smith Aff. ¶¶ 2, 4 and 5

5

attempt to intimidate or interfere with, the congregation's right to access its house of worship.

37. Upon information and belief, unless restrained by this Court, Defendants Doggart, Rogers, Schielein, Tint, and John Does and Jane Does, will continue to engage in the conduct and practices alleged above.

<u>Second Claim of Relief for Violation of 18 U.S.C. § 248 Against William Tint</u>

38. The Plaintiff repeats and re-alleges the allegations set forth in paragraphs 1-37 as fully set forth herein.

39. Defendant Tint helped to devise an elaborate plan to burn the mosque and other buildings in the village of Islamberg.  There are wire tapped telephone conversations, which capture him plotting to burn Baitullah kill residents.

40. The actions of Defendant Tint on or about April 2015 as set forth above, constitute threats of physical obstruction as defined by 18 U.S.C. § 248, which prohibits individuals from threatening to use physical force to intentionally injure, intimidate or interfere with or attempt to do the same, any person who is exercising their First Amendment right to worship at their house of worship.

41. Defendant Tint's conduct as described herein violate FACE, 18 U.S.C. § 248 which prohibits individuals from using physical obstruction to intentionally [attempt] to injure, intimidate or interfere with, or attempt to do the same, any person because that person is or has been, or in order to intimidate persons from their right to access their house of worship.

42. Defendants undertook these actions in order to intimidate, or interfere with, or in an attempt to intimidate or interfere with, the congregation's right to access its house of worship.

43. On information and belief, unless restrained by this Court, Defendants Doggart, Rogers, Schielein, Tint and John Does and Jane Does, will continue to engage in the conduct and practices alleged above.

Third Claim of Relief for Violation of 18 U.S.C. § 248 against Barbara Rogers

44. The Plaintiff repeats and re-alleges the allegations set forth in paragraphs 1-43 as fully set forth herein.

45. Defendant Barbara Rogers helped to devise an elaborate plan to burn the mosque and other buildings in the village Islamberg. There are wire tapped telephone conversations, which capture them plotting to burn Baitullah and kill residents.

46. The actions of Defendant Rogers on or about April 2015 as set forth above, constitute threats of physical obstruction as defined by 18 U.S.C. § 248, which prohibits individuals from threatening to use physical force to intentionally injure, intimidate or interfere with or attempt to do the same, any person who is exercising their First Amendment right to worship at their house of worship.

47. Defendant Rogers' conduct as described herein violate FACE, 18 U.S.C. § 248 which prohibits individuals from using physical obstruction to intentionally [attempt] to injure, intimidate or interfere with, or attempt to do the same, any person because that person is or has been, or in order to intimidate persons from their right to access their house of worship.

48. Defendant undertook these actions in order to intimidate, or interfere with, or in an attempt to intimidate or interfere with, the congregation's right to access its house of worship.

49. Upon information and belief, unless restrained by this Court, Defendants Doggart, Rogers, Schielein, Tint, and John Does and Jane Does, will continue to engage in the

7

conduct and practices alleged above.

Fourth Claim of Relief for Violation of 18 U.S.C. § 248 against Shane Schielein

50. The Plaintiff repeats and re-alleges the allegations set forth in paragraphs 1-49 as fully set forth herein.

51. Defendant Schielein helped to devise an elaborate plan to burn the mosque and other buildings in the village Islamberg. There are wire tapped telephone conversations, which capture them plotting to burn Baitullah and kill residents.

52. The actions of Defendant Schielein on or about April 2015 as set forth above, constitute threats of physical obstruction as defined by 18 U.S.C. § 248, which prohibits individuals from threatening to use physical force to intentionally injure, intimidate or interfere with or attempt to do the same, any person who is exercising their First Amendment right to worship at their house of worship.

53. Defendant Schielein's conduct as described herein violate FACE, 18 U.S.C. § 248 which prohibits individuals from using physical obstruction to intentionally [attempt] to injure, intimidate or interfere with, or attempt to do the same, any person because that person is or has been, or in order to intimidate persons from their right to access their house of worship.

54. Defendant undertook these actions in order to intimidate, or interfere with, or in an attempt to intimidate or interfere with, the congregation's right to access its house of worship.

55. Upon information and belief, unless restrained by this Court, Defendants Doggart, Rogers, Schielein, Tint and John Does and Jane Does, will continue to engage in the conduct and practices alleged above.

FIRST PRAYER FOR RELIEF

56. The Plaintiff seeks permanent injunctive relief against all named defendants and Defendants John Does and Jane Does and compensatory damages from this Court for violations of FACE Act.

WHEREFORE, The Plaintiff requests that this Court:

1. Permanently enjoin Defendants, their representatives, agents, employees, coconspirators and others acting in concert and participation with them from committing any of the following acts or aiding, abetting, directing or inciting others to:

    a. Violate any provision of FACE, 18 U.S.C. § 248;

    b. Come within 300 yards of Islamberg/ Hancock, NY, Islamville, York/ South Carolina, Dover, TN and any known community of TMOA.

2. Order Defendants to each and individually pay compensatory damages as authorized by 18 U.S.C. § 248 (1) (B).

3. Assess a civil penalty in the highest amount authorized by the law as authorized by 18 U.S.C. § 248 (1) (B).

4. Assess attorneys' fees and costs in the amount of $50,000.00 as a minimum as authorized by 18 U.S.C. § 248.

5. Grant any further relief that the Court deems just and proper.

Dated: February 3, 2017

                                                Respectfully Submitted,

                                                /s/ Tahirah H. Clark
                                                _____
                                                Tahirah H. Clark
                                                Bar No. 508759

        PO Box 223
        Deposit, NY 13754
        Telephone: 607.205.8825
        Fax: 607.697.2055
        E-Mail:  Tahirah.ClarkEsq@gmail.com


        /s/ Tahirah Amatul-Wadud
        _____
        Tahirah Amatul-Wadud
        Bar No. 518124
        10 Center St.
        Chicopee, MA 01013
        Telephone: 413.206.9839
        Fax: 413.594.8588
        E-Mail: Tahirah@AttorneyTahirah.com

        Attorneys for the Plaintiff